United States District Court
Southern District of Texas
**ENTERED**
June 10, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

No. 3:18-cv-377

BYRON LIONEL JONES, PETITIONER,

v.

BOBBY LUMPKIN, DIRECTOR, RESPONDENT.

# ORDER

JEFFREY VINCENT BROWN, UNITED STATES DISTRICT JUDGE.

On May 11, 2021, the court denied state inmate Byron Lionel Jones's habeas corpus application, dismissed his case with prejudice, and entered final judgment (Dkts. 28, 29). Under Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Jones has 30 days from the date of that decision in which to file a notice of appeal.

On June 3, 2021, Jones filed a motion for extension of time to file a notice of appeal, seeking an additional 60 days in which to file such a notice (Dkt. 30). Jones explains that he needs additional time because his time in the law library and his access to pre-2010 case law are limited (*Id.* at 1-2).

Jones's motion for extension of time was submitted for filing through the prison mail system within the 30-day time to appeal found in Rule 4(a)(1). The Fifth Circuit has held that "[a] document filed in the period prescribed by Fed. R. App. P. 4(a)(1) for taking an appeal should be construed as a notice of appeal if the

document clearly evinces the party's intent to appeal." *Boswell v. Cohen*, 204 F.3d 1117, 1117 (5th Cir. 1999) (quoting *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987)). In determining Jones's intent, we hold his *pro se* pleadings to a less stringent standard than those drafted by lawyers. *See Hernandez v. Thaler*, 630 F.3d 420, 426 (5th Cir. 2011) (citation omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

Federal Rule of Appellate Procedure 3(c) requires a notice of appeal to contain certain information, including the name of the parties, identification of the judgment being appealed, and the name of the court to which the appeal is taken. But a *pro se* litigant's compliance with these formalities is excused so long as he files a "functional equivalent" that gives adequate notice of his intention to appeal. *Smith v. Barry*, 502 U.S. 244, 247 (1992). It is "the notice afforded by a document, not the litigant's motivation in filing it," that "determines the document's sufficiency as a notice of appeal." *Id.* at 248

While Jones's motion does not identify the Fifth Circuit as the court in which he intends to appeal, it includes the other information required by Rule 3(c) and seeks no relief other than additional time to file a notice of appeal directed to the dismissal of his habeas petition (Dkt. 30, at 3). Because Jones's letter is sufficient to evince an intention to appeal to the Fifth Circuit, the court will direct the Clerk's Office to treat his letter as a notice of appeal.

Accordingly, the Clerk's Office is ordered to treat the motion for extension of time filed by Byron Lionel Jones (Dkt. 30) as a notice of appeal and forward this case to the Fifth Circuit for all further proceedings.

The Clerk will provide a copy of this order to the parties.

Signed on Galveston Island this  10th  day of  June           , 2021.

---
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE